Allan D. NewDelman, Esq, (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: ANEWDELMAN@QWESTOFFICE.NET
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceeding Under Chapter 11 |
| Joseph Bianchi | Case No. 2-08-bk-18025 SSC |
| Debtor | |
| | RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Flagstar Bank, FSB | |
| Movant, | |
| -vs- | |
| Joseph Bianchi | |
| Debtor; | |
| Respondent. | |

Come now the Debtor, Joseph Bianchi, by and through counsel, Allan D. NewDelman, P.C., and for his response to the Motion for Relief from the Automatic Stay filed in this case state as follows:

1.

With respect to the allegations contained in Paragraph 1 through 3 of the Motion for Relief from Automatic Stay (the "Motion") the Debtor neither admits nor denies the allegations as the documents speak for themselves.

2

The Debtor neither admits nor denies the allegation contained in Paragraphs 4 and 5 of the Motion as Paragraphs 4 and 5 are a conclusion of law and not factual allegations. To the extent that factual allegations is included such allegations are denied.

3.

The Debtor admits the allegation contained in Paragraph 6 of the Motion.

4.

With respect to the allegations contained in Paragraph 7 of the Motion, the Debtor is without sufficient information or knowledge to be able to admit or deny the allegations contained therein but alleges that any default is not fatal and may be cured.

6.

The Debtor admits the allegation contained in Paragraph 8 of the Motion.

7.

With respect to the allegations contained in Paragraphs 9 and 10 of the Motion, the Debtor alleges that the Movant is adequately protected and that the property is needed for an effective reorganization. There is sufficient equity in the property to fully protect Movant. Debtor asserts that the property is not burdensome and is of consequential value to the estate.

8.

With respect to the allegations contained in Paragraph 11 of the Motion, the Debtor is without sufficient information or knowledge to be able to admit or deny the allegations contained therein

9.

Debtor denies each and every factual allegation not otherwise admitted.

10.

The Debtor will resume making his contractual payments to the Movant, beginning September 1, 2009 and will provide for curing the arrearage in his Chapter 11 Plan of Reorganization.

11.

The Movant, upon information and belief, is not registered with the Arizona Corporation Commission to do business in the State of Arizona and therefore shall not, pursuant to A.R.S. §10-11502(A) "be permitted to maintain a proceeding in any court in this state until it is authorized to transact business."

12

Movant states in its Motion for Relief from Automatic Stay that the Deed of Trust and the Note reflect that Consumer First Funding is the lender. Movant further alleges, based on information and belief, that Consumer First Funding is no longer in business and is not in possession of the custodial file and that Mortgage Electronic Registration Systems, Inc. is acting as the nominee for Mortgage Electronic Registration System, Inc. as nominee for Consumer First Funding, Inc. when it assigned the Note and Deed of Trust to the Movant.

13.

The Movant attached a copy of the Assignment of Deed of Trust to its Motion for Relief from Automatic Stay dated July 14, 2009 in attempt to evidence that the Movant is the holder of the Note. Upon information and belief, the Assignment was never recorded with the Maricopa County Recorder's Office. The Assignment states that the Movant became the holder of the Note and Deed of Trust as of July 14, 2009 which begs the questions as to who was the actual holder of the Note and Deed of Trust prior to July 14, 2009.

14.

The Debtor asserts that because Mortgage Electronic Registration Systems, Inc. has no ownership interest in the Note and Deed of Trust that it did not have the power or right to assign the Note and Deed of Trust to the Movant, Flagstar Bank. See *Lasalle Bank Naat. Ass'n v. Lamy, 12 Misc.3d 1191(A), 2006 WL 2251721 (N.Y. 2006)*.

15.

Movant, in its Motion for Relief from Automatic Stay, requests that it be awarded attorney fees in the amount of $800.00. Debtor asserts that the Movant is not entitled to attorney fees on the basis that no letter of default was sent to either the Debtor or his counsel pursuant to Arizona Bankruptcy LR 4001-1(b).

WHEREFORE, Debtor, having fully responded to the Motion, respectfully requests this Court deny said Motion and request this Court award Debtor her reasonable attorneys' fees and costs.

Respectfully submitted 19th day of August, 2009.

          ALLAN D. NEWDELMAN, P.C.

          /s/ Allan D. NewDelman
          Allan D. NewDelman, Esq.
          Counsel for the Debtor

A copy of the foregoing mailed this 19th day of August, 2009, to:

U.S. Trustee's Office
230 North First Avenue
Suite 204
Phoenix, Arizona  85003

Leonard J. McDonald, Esquire
Tiffany & Bosco, P.A.
2525 East Camelback Road
Suite 300
Phoenix, AZ 85016
Counsel for the Movant

Joseph Bianchi
48127 East Calle De Los Arboledos
Cave Creek, AZ 85331
Debtor/Respondent


/s/ R. Scott Graves
R. Scott Graves
Paralegal